RICHARD P. SYBERT (SBN: 80731)
Email: rsybert@gordonrees.com
SEAN D. FLAHERTY (SBN: 272598)
Email: sflaherty@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Plaintiff
JULIAN BAKERY, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN BAKERY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHSOURCE INTERNATIONAL, INC. d/b/a NUCOCONUT, a California corporation,<br><br>Defendant. | CASE NO. '16CV2594 JAH KSC<br><br>**COMPLAINT FOR:**<br><br>**1. Trademark Infringement (15 U.S.C. § 1114);**<br><br>**2. False Designation of Origin (15 U.S.C. § 1125(a)(1)(A));**<br><br>**3. False Advertising (15 U.S.C. § 1125(a)(1)(B))**<br><br>**4. Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*);**<br><br>**5. False Advertising (Cal. Bus. & Prof. Code § 17500 *et seq.*);**<br><br>**6. Breach of Implied Warranty of Merchantability;**<br><br>**7. Breach of Implied Warranty of Fitness for a Particular Purpose;**<br><br>**8. Fraud;**<br><br>**9. Intentional Interference with Contract;**<br><br>**10. Intentional Interference with Prospective Economic Advantage;**<br><br>**AND JURY TRIAL DEMAND [FRCP 38]** |

-1-
COMPLAINT

Plaintiff Julian Bakery, Inc. ("Julian" or "Plaintiff") for its Complaint against Defendant Healthsource International, Inc. d/b/a Nucoconut ("Healthsource" or "Defendant") respectfully alleges as follows:

## Nature of the Action

1. Julian sells a variety of health foods, including a line of PALEO WRAPS®-branded products. Healthsource is a product supplier, including coconut wraps and coconut flakes, which Julian uses to market and sell its PALEO WRAPS and other products. Healthsource recently began marketing and selling its own coconut-based wraps, improperly utilizing Julian's PALEO WRAPS® trademark, while simultaneously depriving Julian of the supply necessary to fill Julian's orders. Healthsource began providing unacceptably low-quality ingredients. Altogether, Healthsource has engaged in acts of unfair competition, false advertising, trademark infringement, interference with current and prospective business relations, and fraud.

## PARTIES

2. Julian Bakery, Inc. is a California corporation with its principal place of business in Oceanside, CA.

3. On information and belief, Healthsource International, Inc. is a California corporation, doing business as "nücoconut," with its principal place of business in Chino Hills, CA.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the underlying action pursuant to 28 U.S.C. §§ 1331 and 1367, and 15 U.S.C. § 1121, because this is an action for violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; California Business & Professions Code § 17200 *et seq.*; and California Business & Professions Code § 17500 *et seq*.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

///

# FACTUAL BACKGROUND

**Julian and Healthsource Business Relationship**

6. Julian and Healthsource first began a business relationship when Healthsource approached Julian to sell Julian coconut flour.

7. Julian then independently developed the idea of coconut wraps and coconut cereal, and contacted Healthsource about serving as Julian's supplier. Healthsource ultimately agreed and has since provided Julian with coconut-based ingredients from a third-party manufacturer/exporter in the Phillipines.

**Competing Coconut Wrap Products**

8. Julian utilizes Healthsource's coconut-based ingredients in many of its products, including Julian's specialized coconut wrap product, which is sold in connection with U.S. Trademark Reg. No. 5,028,938, "PALEO WRAPS."

9. On information and belief, Healthsource took Julian's specialized PALEO WRAPS product and created its own coconut-based wrap, selling them under the "NUCOCONUT" or "NUCO" label.

10. On information and belief, Healthsource began offering these "NUCO wraps" at least as early as March 2016, when Healthsource advertised its coconut wraps at Expo West, a natural products and health foods exhibition.

11. Healthsource currently sells its NUCO wraps through its own website and online retailers, including Amazon.com.

12. On information and belief, Healthsource has, and/or continues to market its NUCO wraps in part by purchasing Google AdWords associated with Julian's PALEO WRAP trademark.

**Healthsource Sabotages Julian's Business**

///
///
///
///

13. Simultaneous with the launch of its NUCO wraps, Healthsource decreased the volume of its deliveries to Julian, providing less-than-ordered coconut wraps. This decrease in delivery volume was unannounced, unexpected, and not requested by Julian. Instead, Healthsource misled Julian as to the reasons for the decrease. Healthsource's withholding of necessary products from Julian resulted in significant harm to Julian's business.

14. Healthsource has also periodically provided Julian with *too much* product. Despite Healthsource and Julian having constant communication regarding Julian's product needs, Healthsource has, on at least one occasion, delivered more than $100,000 worth of unrequested goods.

15. Healthsource's inconsistent and fraudulent delivery practices have therefore allowed it to fabricate allegations of Julian's account being "past due." Healthsource falsely generated invoices for which there are no corresponding orders from Julian.

16. On information and belief, Healthsource had also been providing Julian with low quality ingredients since at least as early as March 2016. The coconut wraps Healthsource had provided to Julian began to deteriorate in taste and texture, a quality issue that did not exist prior to Healthsource's launch of its NUCO wrap product line. These low quality ingredients resulted in negative customer reviews for Julian and additional lost sales.

17. Several shipments of Healthsource's coconut flakes cereal have also contained impurities. Julian also has reason to believe that Healthsource has provided goods that were not compliant with product specifications. These non-conforming deliveries from Healthsource resulted in additional damage to Julian's reputation, good will, business, sales, and profits. Moreover, Healthsource has improperly continued to invoice and demand payment for such nonconforming goods.

///

**Healthsource Poaches Julian's Customers**

18. Contemporaneous with Healthsource's launch of its NUCO wraps, provision of low quality ingredients to Julian, and wholesale withholding of products, Julian is informed and believes that Healthsource also began to solicit Julian's customers to directly purchase Healthsource's NUCO wraps instead of Julian's PALEO WRAPS.

19. On information and belief, Healthsource's CEO, Ronaldo "Ricky" Santos, approached Sunfood Corp. ("Sunfood")—one of Julian's customers—about purchasing coconut wraps directly from Healthsource instead of purchasing coconut wraps from Julian. On information and belief, Mr. Santos also misleadingly told Sunfood that Healthsource, and not Julian, makes the PALEO WRAPS products Sunfood had been purchasing from Julian.

20. On information and belief, Mr. Santos has also falsely claimed that Julian's PALEO WRAPS products that were featured on the television show *Dr. Oz* were, in fact, Healthsource's NUCO wraps. These erroneous claims have been made and shared on Facebook and other social media sites.

## COUNT ONE

### Trademark Infringement (15 U.S.C. § 1114)

21. Julian repeats and realleges the allegations set forth above.

22. PALEO WRAPS, U.S. Trademark Reg. No. 5,028,938, is a valid and protectable trademark, owned by Julian. In fact, Julian has used the PALEO WRAPS mark in commerce in connection with its products before any one else.

23. PALEO WRAPS is inherently distinctive and/or has acquired distinctiveness through secondary meaning. That is, Julian's use of the PALEO WRAPS mark has come to be uniquely associated with Julian.

24. Healthsource, however, also uses the PALEO WRAPS mark to promote and sell its coconut-based wraps, without Julian's consent. Healthsource uses the PALEO WRAPS mark in a manner that is likely to cause confusion

among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

25. Healthsource acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade off the efforts and earned goodwill and reputation of Julian.

26. By reason of the foregoing acts of trademark infringement, Julian has been injured in an amount not yet ascertained. Further, Healthsource has been unjustly enriched by virtue of its deception of consumers and misappropriation of Julian's goodwill.

27. In addition, as a result of Healthsource's acts of infringement, Julian suffered and will continue to suffer irreparable harm for which Julian has no adequate remedy at law, including damage to Julian's goodwill. Unless Healthsource's acts of infringement are enjoined by this Court, Julian will continue to suffer irreparable harm.

28. Healthsource's actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to Julian of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## COUNT TWO

### False Designation of Origin (15 U.S.C. § 1125(a)(1)(A))

29. Julian repeats and realleges the allegations set forth above.

30. Healthsource's use of the PALEO WRAPS mark in interstate commerce, without Julian's consent, is a false designation of origin that is likely to cause a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public.

31. By reason of the foregoing, Julian has been injured in an amount not yet fully determined, while Healthsource has been unjustly enriched by virtue of its deception of consumers and misappropriation of Julian's goodwill.

///

32. As a result of Healthsource's actions, Julian suffered and will continue to suffer irreparable harm for which Julian has no adequate remedy at law, including damage to Julian's goodwill. Unless Healthsource's acts of infringement are enjoined by this Court, Julian will continue to suffer irreparable harm.

33. Healthsource's actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to Julian of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## COUNT THREE

### False Advertising (15 U.S.C. § 1125(a)(1)(B))

34. Julian repeats and realleges the allegations set forth above.

35. Healthsource has made false or misleading description or representation of fact, in interstate commercial advertising or promotion, about its and Julian's products. These statements misrepresent that nature, characteristics, qualities, or geographic origin of Healthsource's and Julian's goods.

36. Healthsource knowingly or willfully misrepresented the public as to the facts above.

37. Those advertisements actually deceived or had the tendency to deceive a substantial segment of their audience.

38. Healthsource's commercial messages and statements are either literally false or literally true but ambiguous and have the tendency to deceive the market, the public, consumers, potential consumers, and competitors of Julian.

39. Healthsource's misrepresentations were material, in that they are likely to influence the purchasing decision and made in bad faith for the purpose of deceiving the market, the public, consumers, potential consumers, and competitors of Julian.

40. Healthsource caused its falsely advertised goods to enter interstate commerce.

41. Julian has been or is likely to be injured as a result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the goodwill which its products enjoy with the buying public.

## COUNT FOUR

### Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*)

42. Julian repeats and realleges the allegations set forth above.

43. Healthsource's actions as alleged herein were unlawful, unfair, and/or fraudulent.

44. As a result of Healthsource's unlawful, unfair, and/or fraudulent acts, members of the public were or are likely to be deceived.

45. Julian has been harmed by Healthsource's unlawful, unfair, or fraudulent business acts and practices as alleged herein, including the loss of money or property.

46. Healthsource should be preliminarily and permanently enjoined from further violations of the law.

47. As a result of Healthsource's unfair competition, Healthsource should also be ordered to disgorge the profits it has received as a result of its conduct, in an amount to be proven at trial.

## COUNT FIVE

### False Advertising (Cal. Bus. & Prof. Code § 17500 *et seq.*)

48. Julian repeats and realleges the allegations set forth above.

49. In connection with the conduct alleged above, Healthsource has made statements in its advertising that are false or misleading. Healthsource knew or by the exercise of reasonable care should have known that the statements were false or misleading.

50. Members of the public were, or are likely to be, deceived by Healthsource's false or misleading statements.

///

51. Healthsource should be preliminary and permanently enjoined from making further false and misleading statements, and should make corrective disclosures.

52. Without such injunctive relief, Healthsource's unlawful conduct is likely to continue, particularly since it has repeatedly made the same false and misleading statements.

## COUNT SIX

### Breach of Implied Warranty of Merchantability

53. Julian repeats and realleges the allegations set forth above.

54. Julian has purchased coconut wraps and coconut flakes from Healthsource and, at the time of purchase, Healthsource was in the business of selling these goods.

55. The goods received by Julian, however, were not of the same quality as those generally acceptable in the trade, were not fit for the ordinary purposes for which such goods are used, or did not conform to the quality established by the parties' prior dealings or usage in the trade.

56. The products were therefore not fit for the ordinary purpose for which the goods were to be used, would not pass without objection in the trade under the contract description, and did not conform to the promises or affirmations made with regard to their manufacture.

57. Julian took reasonable steps to notify Healthsource of these defects within a reasonable time, but Julian was nonetheless harmed.

58. As a result of Healthsource's failure to deliver a product free of said defects, and in breach of their duties to satisfy the warranty of merchantability, Julian has suffered damages in the form of funds paid to obtain the defective products, as well as consequential and incidental damages including lost profits and damage to reputation and future sales, in an amount to be determined at trial.

///

59. Healthsource's failure to provide goods with the expected quality was a substantial factor in causing Julian's harm.

60. Healthsource never disclaimed the applicability of any warranties regarding the products required to be manufactured as alleged herein. On information and belief, the products received by Julian are not substantially free of defects.

## COUNT SEVEN

### Breach of Implied Warranty for Fitness for a Particular Purpose

61. Julian repeats and realleges the allegations set forth above.

62. Julian has purchased coconut wraps and coconut flakes from Healthsource. At the time Julian purchased the aforementioned coconut-based goods from Healthsource, Healthsource knew or had reason to know that Julian intended to use the goods for a particular purpose.

63. At the time of purchase, Healthsource knew or had reason to know that Julian was relying on Healthsource's skill and judgment to select or furnish product that was suitable for that particular purpose.

64. Julian justifiably relied on Healthsource's skill and judgment in purchasing the coconut-based goods from Healthsource, but received goods not suitable for their particular purpose.

65. Julian took reasonable steps to notify Healthsource within a reasonable time that the good were not suitable but was nevertheless harmed.

66. As a result of Healthsource's failure to deliver a product free of said defects, and in breach of their duties to satisfy the warranty of fitness, Julian has suffered damages in the form of funds paid to obtain the defective products, as well as consequential and incidental damages including lost profits and damage to reputation and future sales, in an amount to be determined at trial.

67. Healthsource's failure to provide goods with the expected quality was a substantial factor in causing Julian's harm.

68. Healthsource never disclaimed the applicability of any warranties regarding the products required to be manufactured as alleged herein. On information and belief, the products received by Julian are not substantially free of defects.

## COUNT EIGHT

### Fraud

69. Julian repeats and realleges the allegations set forth above.

70. Healthsource has made representations, promises, and assurances regarding its manufacturing and sourcing acumen—including its ability to deliver high-quality products—to Julian.

71. As a result of Healthsource's representations, promises, and assurances, Julian was induced and did enter into a business relationship with Healthsource, by ordering coconut wraps and coconut flakes, for Julian's specially-formulated products.

72. On information and belief, the representations, promises, and assurances made by Healthsource were, in fact, false at the time they were made. Healthsource knew the statements to be false and did not intent to deliver high-quality products formulated to Julian's specifications, or in the quantity Julian requested, or according to the timetables and amounts the parties agreed to.

73. On information and belief, Healthsource instead intended to verify consumer demand for products similar to Julian's PALEO WRAPS by successfully completing initial orders from Julian, and once the product's demand was validated, utilize Julian's research and product development for its own benefit, siphoning customers and vendors away from Julian.

///
///
///
///

74. This deceit caused Julian to reasonably believe that subsequent orders would be adequately filled by Healthsource, and that the requested high-quality products would be delivered to Julian in the quantity and in the timeframe requested. Julian was therefore induced to send additional orders to Healthsource, making significant payments in furtherance of these orders.

75. When issues of non-performance or non-conformance arose, however, Healthsource repeatedly represented and promised that such issues would be resolved. These representations were false. On information and belief, Healthsource knew these representations were false at the time they were made, that Healthsource never had any intention of remedying the problems it created for Julian, and that such representations were made with the intention of inducing Julian's actions by relying on such false representations.

76. Further, Healthsource continued to demand additional payment, further inducing Julian's reliance, while willfully failing to take corrective action or continue to supply product.

77. On information and belief, through the parties' relationship, Healthsource's representations and promises regarding capability, and ability to execute corrective actions, were false and made with fraudulent intent.

78. As a result of Healthsource's deceit and fraudulent conduct alleged herein, Julian has been damaged in an amount to be determined at trial. Julian is also entitled to an award of punitive damages arising from the fraudulent conduct alleged herein.

## COUNT NINE

### Intentional Interference with Contract

79. Julian repeats and realleges the allegations set forth above.

///

///

///

80. Julian has economic relations with vendors and customers, through the sale of its PALEO WRAPS products throughout the United States. On information and belief, Healthsource knew of Julian's relationships with its vendors and customers.

81. In connection with its actions alleged herein, Healthsource has knowingly and intentionally made false and misleading statements designed to disrupt Julian's economic relationships with its customers.

82. Healthsource's misrepresentations have influenced the purchasing decisions of customers, causing Julian to suffer damages in an amount to be determined at trial.

## COUNT TEN

### Intentional Interference with Prospective Economic Advantage

83. Julian repeats and realleges the allegations set forth above.

84. Julian has economic relationships with a number of vendors and customers to buy and sell its PALEO WRAPS products throughout the United States. These relationships had a probability of future economic benefit for Julian.

85. Healthsource knew of Julian's relationships with its vendors and clients.

86. On information and belief, Healthsource intended to, and did, disrupt such relationships by intentionally interfering with them, as alleged herein.

87. As a result of Healthsource's conduct alleged herein, Julian has been damaged, and continues to be damages, in an amount to be determined at trial.

88. Healthsource's conducted alleged herein has been willful, wanton, and reckless. In committing the foregoing acts, Healthsource has acted with, and continues to act with, oppression, fraud, and/or malice, in conscious disregard of Julian's rights and applicable law. Therefore, Julian is entitled to exemplary and punitive damages in an amount to be determined at trial.

///

## PRAYER FOR RELIEF

Julian respectfully requests this Court enter judgment against Healthsource and grant the following relief:

a. Judgment in Julian's favor on all claims herein;

b. Preliminary and permanent injunctions preventing Defendant from continued infringement of Julian's intellectual property rights, including infringement of Julian's registered trademark;

c. Preliminary and permanent injunctions preventing Defendant's continued violations of the Lanham Act, California's UCL, and California's FAL, including enjoining further false and misleading statements and requiring corrective disclosures;

d. An accounting and award of Defendant's profits resulting from its trademark infringement, false advertising, unfair competition, fraud, and interference with contract and prospective economic advantage;

e. An award of actual, consequential, and incidental damages suffered by Julian, including lost profits and the cost of nonconforming goods payed for to Defendant;

f. A trebling of any monetary award as a result of Defendant's willful and wanton conduct;

g. An award of exemplary and punitive damages

h. Any applicable pre- and post-judgment interest;

///
///
///
///
///
///
///

i.  An award equal to Julian's attorney's fees and costs; and

j.  Such other and further relief as the Court deems proper.

### JURY DEMAND

Julian hereby demands a jury trial on all issues so triable.

Dated: October 18, 2016                    GORDON & REES LLP

By: /s/ Richard P. Sybert
Richard P. Sybert
Sean D. Flaherty
Attorneys for Plaintiff
Julian Bakery, Inc.